UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON


CIVIL ACTION NO. 10-323-GWU


BOBBY RAY HALL, JR.,                                               PLAINTIFF,


VS.                              **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.


## INTRODUCTION

Bobby Ray Hall brought this action to obtain judicial review of the unfavorable

portion of a partially favorable administrative decision on his applications for

Disability Insurance Benefits and for Supplemental Security Income.  The case is

before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.      Is the claimant currently engaged in substantial gainful activity?
        If so, the claimant is not disabled and the claim is denied.

2.      If the claimant is not currently engaged in substantial gainful
        activity, does he have any "severe" impairment or combination
        of impairments--i.e., any impairments significantly limiting his
        physical or mental ability to do basic work activities?  If not, a
        finding of non-disability is made and the claim is denied.

1

3.    The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.    At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.    If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.

1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir.

1997).

Review of the Commissioner's decision is limited in scope to determining

whether the findings of fact made are supported by substantial evidence.  Jones v.

Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir.

1991).  This "substantial evidence" is "such evidence as a reasonable mind shall

accept as adequate to support a conclusion;" it is based on the record as a whole

and must take into account whatever in the record fairly detracts from its weight.

Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ."
Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).   If this non-exertional
impairment is significant, the Commissioner may still use the rules as a framework
for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e);
however, merely using the term "framework" in the text of the decision is insufficient,
if a fair reading of the record reveals that the agency relied entirely on the grid.  Id.
In such cases, the agency may be required to consult a vocational specialist.
Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).   Even then, substantial
evidence to support the Commissioner's decision may be produced through reliance
on this expert testimony only if the hypothetical question given to the expert
accurately portrays the plaintiff's physical and mental impairments.   Varley v.
Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Hall, a former surface
coal mine loader/operator and night watchman, suffered from impairments related
to depression, a learning disorder, and a mild herniated nucleus pulposus at L5-S1
with an old healed fracture at T12.  (Tr. 13, 18).  Despite the plaintiff's impairments,
the ALJ determined that he retained the residual functional capacity to perform light
level work, restricted from a full range by an inability to sit for long time periods, a
loss of fine dexterity, a need to avoid work at heights or around industrial hazards,

a limitation to simple, 1-2-3 step instructions, an inability to tolerate frequent changes in work routines, and a limitation to situations involving scant contact with supervisors, co-workers and the general public.  (Tr. 16-17).  Since the claimant was found able to return to his past relevant work, he could not be considered totally disabled.  (Tr. 18).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of Social Security benefits.   Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

Hall argues that the ALJ erred in substituting his own opinion for that of the treating and examining medical professionals.  Dr. P.D. Patel performed a neuropsychiatric examination in June of 2008 and diagnosed depression secondary to a chronic medical condition, a developmental learning disorder, chronic low back pain, a history of a compression fracture, hypertension, cardiovascular heart disease, gastroesophageal reflux disease, and hypercholesterolemia.  (Tr. 411). With regard to the mental condition, Dr. Patel rated the claimant's Global Assessment of Functioning (GAF) at 40.  (Id.).  Such a GAF suggests major impairment in several areas of functioning according to the American Psychiatric

Association's <u>Diagnostic and Statistical Manual of Mental Disorders</u> (4th Ed.--Text Revision), p. 34.  The examiner opined that Hall would have a "poor" ability to carry out detailed instructions, maintain attention and concentration for extended time periods, perform activities within a schedule, maintain regular attendance and be punctual, sustain an ordinary routine without special supervision, complete a normal workday or workweek, perform at a consistent pace, accept instructions and respond appropriately to criticism from supervisors, adhere to basic standards of neatness and cleanness, travel in unfamiliar places or use public transportation, and set realistic goals or make plans independently of others.  (Tr. 402-403).  The plaintiff would have a "fair" ability in such areas as understanding and remembering detailed instructions, working with or near others without being distracted by them, making simple work decisions, interacting appropriately with the public, maintaining socially appropriate behavior, and responding appropriately to changes in the work setting. (Id.).  These are far more severe mental limitations than those found by the ALJ who acknowledged that these restrictions would be disabling.  (Tr. 14).

The ALJ rejected the opinion because he did not believe it was well-supported by the examination results or the overall record.  (Tr. 17).  However, Dr. Patel's findings were not contradicted by that of another treating or examining mental health professional.  The claimant sought treatment for his mental problems at Kentucky River Comprehensive Care but the staff did not address the issue of

specific mental limitations.  (Tr. 260-279, 400-401).  The record does not even contain the opinion of a medical reviewer who was a mental health professional. (Tr. 1-3A).  Rather than act as fact-finder, the ALJ impermissibly substituted his own lay opinion for that of the medical professional.  <u>Balsamo v. Chater</u>, 142 F.3d 75, 81 (2nd Cir. 1998) citing <u>McBrayer v. Secretary of Health and Human Services</u>, 712 F.2d 795, 799 (2nd Cir. 1983).  The ALJ was not required to accept the opinion of Dr. Patel if he had doubts about its validity but should have at least sought the advice of a medical advisor.

As previously noted, the ALJ thought that Dr. Patel's mental restrictions would be disabling.  (Tr. 17).  They would at least have precluded Hall's past relevant work.  Therefore, since the claimant could not return to his past relevant work, the action must be remanded for further consideration of the evidence relating to the plaintiff's mental condition.

The ALJ also did not properly evaluate the evidence of record relating to Hall's physical condition.  Dr. Roy Varghese, the plaintiff's treating physician, indicated in February of 2008 that he would be limited to light level work, restricted from a full range by an inability to sit for more than two hours a day, an inability to stand or walk for more than two hours a day, an inability to more than occasionally twist, stoop, crouch, or climb stairs, and an inability to ever climb ladders.  (Tr. 284-286).  The severe restrictions concerning sitting and standing would preclude full-

time work.  Dr. Patel also identified very severe physical restrictions including an inability to stand or walk for more than two hours a day and sit for more than a total of three hours a day which would also preclude full-time work.  (Tr. 405-407).  The ALJ rejected these opinions as binding because he did not believe that they were well-supported by objective medical data.  (Tr. 17).  However, an MRI scan of the lumbar spine from November, 2007 suggested the existence of a herniated nucleus pulposus at L5-S1.  (Tr. 289).  Thus, at least some objective evidence supports the plaintiff's claim.

In assessing Hall's physical condition, the ALJ relied heavily upon the opinions of Dr. Carlos Hernandez (Tr. 134) and Dr Parandhamulu Saranga (Tr. 151), the non-examining medical reviewers.  An ALJ may rely upon the opinion or a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  In the present action, the reviewers saw the record in August of 2007 (Tr. 135) and October of 2007 (Tr. 151).  They had no opportunity to see and comment upon the opinions of Dr. Varghese, issued in February of 2008 or Dr. Patel, issued in June of 2008 or the other evidence such as the November, 2007 MRI scan which came into the record later.  Again, the ALJ should at least have sought the advice of a medical advisor who had seen a complete record.

Therefore, a remand of the action is necessary for further consideration of the claimant's physical condition.

Hall also argues that the ALJ erred by failing to cite specific reasons for finding that he was not fully credible.  However, the ALJ noted a general lack of objective findings in the treating notes of the plaintiff's various physicians and his demeanor and appearance at the hearing.  (Tr. 16-17).  Therefore, the ALJ did cite specific reasons for this finding and, so, the court must reject this argument of the claimant.

The defendant asserts that Hall's memorandum in support of his motion for summary judgment does not comply with the requirements of Standing Scheduling Order 09-13 entered as Docket Entry No. 9 regarding page citations.  However, this citation requirement is not jurisdictional but is prudential in order to help the court understand and follow the arguments of the parties.  The order only states that failure to comply may be a ground to deny the summary judgment motion.  In the present action, while the claimant might have done a better job of citing to the record in support of his claims, the court was easily able to follow the argument and find the sections of the administrative record which supported it.  Therefore, the court must reject the defendant's argument.

After review of the evidence presented, the undersigned concludes that the administrative decision must be reversed and the action remanded to the

Commissioner for further consideration.   A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 12th day of October, 2011.

**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**